STANWOOD A. DEMERS *vs.* REV. CORNELIUS B. COLLINS *et al.,* MEMBERS OF THE STATE BOARD OF EDUCATION.

JUNE 18, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This is a petition for certiorari brought to review a decision wherein the state board of education, in effect, denied and dismissed the petitioners' appeal to that board from a decision of the commissioner of education of

this state. The writ issued, and the respondents pursuant thereto have returned to this court the record in the case.

It appears therefrom that petitioner, who conducts a business of selling and servicing musical instruments in the town of West Warwick, at some time prior to January 24, 1963 made formal protest to the school committee of the town of Coventry alleging a use of school premises in that town for the sale and rental of musical instruments in violation of G. L. 1956, §16-38-6. This statute, in pertinent part, reads: "Excepting the sale of school lunches under rules and regulations prescribed by the school committee of the town or city, no article shall be sold or offered for sale to public school pupils or teachers on any public school premises, nor shall any article be sold through the agency of pupils in the public schools."

The record discloses that on January 24, 1963 petitioner wrote to the commissioner of education, hereinafter referred to as the commissioner, informing him that such protest had been made to the school committee of the town of Coventry "without result and the same practices continue in operation," and said: "Your decision as to the legality and propriety of these practices is hereby respectfully requested." On June 17, 1963 petitioner addressed another letter to the commissioner wherein he stated: As an aggrieved person by the action and decision of the Coventry School Committee on the protest registered * * * I hereby request a formal hearing before the State Commissioner of Education as set forth under State Law Title 16 Chapter 39, Section #2." This appeal was heard by the commissioner on July 5.

Thereafter, on August 15, 1963, the commissioner filed a written decision on petitioner's appeal wherein he found that the practices concerning which the protest was made are approved by the school committee and that none of said practices was "in violation of the laws cited in the

complaint or any other laws governing the conduct of the public schools in this state." He thereupon denied and dismissed the appeal of petitioner. On August 19, 1963 petitioner claimed an appeal from the decision of the commissioner to the board of education as is provided in G. L. 1956, §16-39-3. This appeal was heard on October 10.

On February 13, 1964 the board voted to uphold the decision of the commissioner and notified petitioner in writing of this decision. Thereafter, on February 20, 1964, petitioner requested the commissioner in writing to certify an agreed statement of facts to the supreme court under the provision of §16-39-4, which reads: "The commissioner may, and if requested by both or all parties to his appeal, shall lay an agreed statement of the facts of the case before the supreme court, whose decision shall be final." This motion was denied by the commissioner on March 3 primarily because he doubted that an agreed statement of facts could be obtained from the parties. On March 4, 1964, the instant petition for a writ of certiorari was filed, and service thereof was made on the respondent board as of March 12, 1964.

It is clear from the record that petitioner's appeal to the commissioner was from an action of the school committee and in claiming that appeal he asserted expressly that he was a person aggrieved by a decision of the school committee and was requesting a hearing as provided in §16-39-2. The question of his entitlement to take such an appeal as a person aggrieved by an action of the school committee was raised at the hearing before the commissioner and subsequently at the hearing before the board of education on his appeal from the decision of the commissioner. The transcript discloses that the commissioner conceded that the question had been raised at the hearing before him but that he had made no finding with respect thereto.

In the course of the hearing by the board of petitioner's appeal, inquiry was made as to whether the question of

petitioner's standing to take such appeal as an aggrieved person was determined at the hearing before the commissioner. Concerning this one member of the board said: "That would involve the question whether you're an aggrieved person under the statute. He has assumed jurisdiction, and rendered the decision. I think it is up to the Board whether they want to continue with the hearing, or continue with whether or not there is jurisdiction." In response to this inquiry counsel who had represented the commissioner informed the board that the commissioner had taken the view "that this man felt he had something to say, and felt he was aggrieved, and to rule strictly he was not aggrieved, and at the time, would probably send this man running elsewhere." The record discloses that the board then proceeded to hear the appeal on its merits, but it does not appear from its decision whether it sustained the commissioner's denial of the appeal on the merits thereof or for a want of jurisdiction. Before this court the board again raises the question whether petitioner was a person aggrieved by a decision of the school committee entitled to claim the appeal provided in §16-39-2.

We have set out the travel of this case in substantial detail in order to make it clear that the decision of the school committee of which this petitioner complained was reviewed, first, by the commissioner pursuant to an appeal from the committee under §16-39-2 and then by the board pursuant to an appeal from the commissioner's decision under §16-39-3. In each instance the appellate tribunal after a full and fair hearing sustained the action of the school committee, that is to say that the approval by the school committee of the practices of which complaint was made was within its authority under the pertinent provisions of school law.

We have directed attention also to the precise nature of the appellate proceeding provided in §16-39-2, intending thereby to give emphasis to the fact disclosed in the record

that each of the tribunals below entertained a serious doubt as to the standing of petitioner to invoke the appellate jurisdiction of the commissioner. Each tribunal questioned whether petitioner was a person aggrieved by a decision of a school committee within the meaning of that section, and it is to be noted that each tribunal, without appearing to resolve the question of petitioner's standing as a person aggrieved, proceeded to hear the matter on its merits.

It is clear from an examination of the pertinent provisions of the statute that the legislature intended to restrict substantially the appellate procedures provided therein to those persons who had some right that had been litigated and determined adversely to them by the committee when acting in excess of its authority or otherwise illegally. The pertinent provisions of §16-38-6 confer no right upon petitioner but simply prohibit certain practices on public school premises, the prohibition extending to petitioner as well as to others. The fact is that petitioner conceded in oral argument before this court that he was making no claim of rights violated by the decision of the committee and that he sought only to bar practices in the public school premises which in his opinion violated the pertinent provisions of §16-38-6.

The scope of the appellate jurisdiction of the commissioner with respect to appeals from actions of school committees was considered by this court in *Appeal of Gardiner,* 4 R. I. 602. In that opinion the court, speaking through Chief Justice Ames, said in part: "His appellate power is, to hear and determine appeals from the decisions or doings of school committees * * * taken to him by persons *aggrieved* by such decisions or doings. A *grievance* supposes a *wrong,* growing out of some infraction of law, of which the aggrieved party has the right to complain; and the school-law instead of throwing the discussion and decision of such complaints before the ordinary legal tribunals, gives an appeal to the

commissioner of public schools, in order to prevent tedious litigation, scandal, and expense. The commissioner is, in legal idea, the visitor of the public schools of the state—a domestic judge—whose short and noiseless method of settling disputes arising between the different officers and members of this academic body, is designed to preserve that peace and harmony so essential to its well being. * * * This implies some litigated question of *right,* to be determined under the school-law or general law, or, as the case may be, under both; and hence, and hence only, the propriety of calling in the assistance of an official supposed, from his position, to be skilled in the law."

We are constrained to conclude that the petitioner at no time during the course of the appellate proceedings established that he was a person aggrieved by the decision of the school committee in that he did not show that the committee had litigated any right personal to him. It is our opinion that standing to invoke the appellate jurisdiction of the commissioner under §16-39-2 is established only by showing that the decision of the committee of which complaint is made adjudicated some right of the appellant and decided it adversely to him. It is our conclusion then that the commissioner was without jurisdiction to hear the appeal of the petitioner and that the decision of the board in upholding the commissioner's action in denying and dismissing that appeal was without error.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the record certified to this court is ordered sent back to the respondent board with our decision endorsed thereon.

*Stanwood A. Demers* pro se petitioner.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for respondents.