230 A.2d 870.

FRED M. LANGTON, *Tax Adm'r of the State of Rhode Island* vs. STANWOOD A. DEMERS, *d.b.a.* STANWOOD MUSIC.

JUNE 20, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This civil action was brought by the state tax administrator to recover from the defendant a sum of money alleged to be due the state by the assessment of a sales tax under the provisions of G. L. 1956, chaps. 18 and 19 of title 44, the sales and use tax act. The administrator's motion for a summary judgment was granted. The case is before us on the defendant's claim of appeal therefrom. The plaintiff will hereinafter be referred to as the administrator, and the defendant as the taxpayer. This case marks another chapter in the taxpayer's continuing protest[1] against certain school officers and municipal officials who, he claims, permit the sale and rental of musical instruments to pupils on public school premises in violation of G. L. 1956, §16-38-6.

The administrator, as a result of an audit made of the taxpayer's records, assessed a deficiency determination against him for the period from November 1962 through July 1966. The amount of this determination was $2,589.94 which included the sales tax due together with interest and penalties added thereto. The taxpayer admits that he was engaged in the sale of musical instruments during this period.

The administrator gave notice to the taxpayer of the amount of the deficiency determination. This notice advised the taxpayer that the amount due should be paid within ten days after the date of the notice. The taxpayer was further advised that he could request a hearing on said determination; that the request should be in writing and

---

[1]See: Demers v. Brown, 343 F.2d 427, cert. denied, 382 U. S. 818; Demers v. Shehab, 101 R. I. 417, 224 A.2d 380; Demers v. Collins, 98 R. I. 312, 201 A.2d 477.

state the reasons therefor; and that it should be made within the ensuing ten days.

It is conceded that the taxpayer made and received a request for a hearing on this determination. A hearing was held and the original amount levied as a result of the first audit remained unchanged. The taxpayer was informed of the administrator's action but he did not pay the tax. As a result, the instant action was instituted.

In his home-drawn pleadings the taxpayer has alleged certain facts which in the posture of this case have no merit.

The hearing sought and given the taxpayer as the result of his receiving the original notice of the deficiency due the state was afforded him pursuant to §44-19-17, as amended.[2] Any petition for judicial review of an assessment made by the administrator, however, is conditioned upon compliance with the provisions of §44-19-18.[3] This section makes it mandatory that a taxpayer seeking such a review not only file his petition in the superior court for the counties of Providence and Bistol within 15 days from the date of the mailing of the administrator's determination but he must

[2]§44-19-17. "Any person aggrieved by any assessment, deficiency or otherwise, shall notify the tax administrator in writing within ten (10) days from the date of mailing by the tax administrator of the notice of such assessment and shall request a hearing relative thereto; and the tax administrator shall, as soon as practicable, fix a time and place for such hearing and shall, after such hearing, determine the correct amount of the. tax, interest, and penalties * * *."

[3]§44-19-18. "After a hearing, and provided all taxes, interest, and penalties as determined by the tax administrator have been paid, any person aggrieved by such determination may, within fifteen (15) days from the date of mailing by the tax administrator of such determination, petition the superior court for the counties of Providence and Bristol, setting forth the reasons why such assessment is alleged to be erroneous and praying relief therefrom; and the clerk of such court shall thereupon issue a citation, substantially in the form provided in §44-5-26 to summon the tax administrator to answer said petition, and the court shall proceed to hear said petition and to determine the correct amount of the tax, interest, and penalties."

also, prior to the filing of the petition in court, pay the amount determined to be due. Here the taxpayer has fulfilled neither of these two requirements.

The administrator therefore contends, and rightfully so, that in this action brought to collect the tax the taxpayer has no standing to challenge the validity of the tax, he not having sought judicial review of the assessment pursuant to the provisions of §44-19-18. In *Langton* v. *Brady Electrical Co.*, 100 R. I. 366, 216 A.2d 134, we pointed out that this section affords to a taxpayer, who is not satisfied with the result of an administrative review of any assessment made against him, the opportunity to seek a judicial review of the administrator's action. As a condition precedent to this review, however, the taxpayer is required to pay the amount allegedly due the state.

We can see no need to prolong this opinion. The statute is clear. A taxpayer who seeks a judicial review of the administrator's action must pay the tax due and timely file his petition. In *Moore* v. *Langton*, 92 R. I. 141, 157, 167 A.2d 558, 566, we held that the requirement of this section—that a tax be paid before a petition to review can be filed in the superior court by a taxpayer contesting the charge imposed —is not objectionable on the ground that it deprives a taxpayer of his property without due process of the law. Prompt payment of taxes is an imperative necessity to the maintenance of the public good and welfare. An uninterrupted flow of tax revenue is vital to the continued existence of our government and the many services it affords to all its citizens. Due process does not guarantee the right to judicial review of tax liability before payment. If the provision requiring payment prior to suit seems harsh, the taxpayer's remedy does not lie with the judicial branch.

The taxpayer, having failed to take advantage of the remedies afforded him in §44-19-18, is precluded here from contesting the administrator's determination made against

him. The motion for summary judgment was properly granted.

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Herbert F. DeSimone,* Attorney General, *D. A. St. Angelo,* General Counsel, Division of Taxation, for plaintiff.

*Stanwood A. Demers, pro se,* for defendant.