240 A.2d 727.

STERLING SHOE COMPANY *vs.* FRED M. LANGTON,
*Tax Administrator.*

APRIL 19, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J.   This is an appeal from a superior court order, claimed on the ground that a justice of that court erred in refusing to dismiss a counterclaim made by the defendant in connection with his answer to the plaintiff's complaint.

The plaintiff is an individual proprietorship, operating as I. Preston Pearlman d/b/a Sterling Shoe Company, whose place of business is located in the city of Providence. The defendant, hereinafter called "administrator," is the tax administrator of the Rhode Island division of taxation, charged by law with the duty of assessing and collecting state taxes among which are the sales and use tax, G. L. 1956, chap. 19 of title 44, as amended, and the unincorporated business tax, G. L. 1956, chap. 10 of title 44, as amended.

Under date of May 28, 1965, duly authorized agents of the administrator sent notices to plaintiff of tax deficiency determinations as to the sales and use tax for the period from September 1961, through March 1965, and as to the unincorporated business tax for the years 1959 through 1964. The deficiency determination of the sales and use tax was stated to be: $3,400.48 plus interest of $408.42, plus penalties of $340.05, for a total of $4,148.95. The deficiency determination as to the unincorporated business tax for the six-year period, including delinquent taxes, interest and penalties, was $570.75.

On June 4, 1965, plaintiff wrote to the tax division administrator requesting a hearing on said deficiency determinations. This request made no reference to the statutory authority for such hearing. Nevertheless, the administrator apparently treated it as being predicated on §44-19-17, as amended, with regard to the sales and use tax and §44-10-11, with respect to the unincorporated business tax.

It will be helpful to an understanding of this appeal to point out that the hearings in question were properly subject to the provisions of now chap. 35 of title 42, known and cited as the Administrative Procedures Act which became effective January 1, 1964, as to all proceedings pending subsequent to June 30, 1963. Further, the administrator acknowledges that appropriate rules and regulations

were adopted for the division of taxation on January 2, 1964, as required by said Administrative Procedures Act, but concedes that plaintiff has had no hearing held pursuant to such rules and regulations.

However, in compliance with plaintiff's request of June 4, 1965, hearings were held under §44-10-11 and §44-19-17, as amended, on October 19 of the same year. The plaintiff's request for such hearings was motivated by his claim that many thousands of dollars in sales and business grossed against which the respective taxes were assessed included exempt sales and services to the state and charitable organizations. The October 19 hearing appears to have been informal but in any event plaintiff offered no documentary evidence of the sales, services and business which he was claiming as being tax exempt.

On January 17, 1966, defendant received a letter from plaintiff containing an offer to settle the deficiency determinations for $700.48 which offer was accompanied by a breakdown of sales and a few letters from charitable organizations. This latter information was given in support of plaintiff's contentions with respect to exemptions. The same day, plaintiff tendered a check in the amount of $700.48 which defendant refused to accept.

Thereafter, by letters dated January 21, 1966, the chiefs of the respective tax divisions notified plaintiff that the deficiency determinations remained unaltered and payment in full was demanded. Notwithstanding the January 21 affirmation, counsel for plaintiff on January 27, 1966, requested a further hearing referring to §44-10-11 and §44-19-17, as amended. This request was apparently never acted upon.

In any event, on February 15, 1966, plaintiff filed a complaint averring much of the foregoing. It concluded with the 19th paragraph which is as follows:

"The Petitioner having offered to pay all taxes which are lawfully due, hereby petitions this Honorable Court for relief from the determination of the Tax Administrator and prays that this Honorable Court may as follows:

a. That the determination of deficiency by the Tax Administrator be held to be erroneous, illegal and void.

b. That notice as prescribed by law be given to the respondent, Frederick M. Langton, in his capacity as Tax Administrator of the State of Rhode Island by serving a certified copy of this petition on him.

c. That the Tax Administrator be required to give the Petitioner a full hearing as required by §44-19-17 of the General Laws of Rhode Island of 1956 and applicable laws.

d. That the Tax Administrator be required to make findings of fact and conclusions of law and otherwise comply with the Administrative Procedures Act, §42-35-1 *et seq.*, General Laws of Rhode Island of 1956; and

e. That your Petitioner may have such other and further relief in the premises as may be just and proper."

The defendant filed an answer on March 9, 1966, admitting some of the averments, denying others, and professing an inability to answer the remaining averments because they were either vague or constituted conclusions. The defendant's basic responses, however, were that the complaint fails to state a claim on which relief could be granted; that plaintiff had not offered to pay all taxes lawfully due; and that the relief requested in paragraph 19 of the complaint was so conclusionary as to require more responsive pleading.

In this latter regard, defendant was so uncertain as to the relief sought that, out of an abundance of caution, he filed a counterclaim with his answers so as to be in compliance with Rule 13(a) of the superior court rules of civil procedure in the event that the court should construe the

complaint as being sufficient to state a claim on which relief could be granted. The amount counterclaimed was stated at $5,212.75, representing the original deficiency determinations plus penalties and interest accruing since the May 28, 1965 notice.

On April 6, 1966, the administrator filed a motion for summary judgment pursuant to Rule 56(c) of the superior court rules of civil procedure. The plaintiff then filed a motion to extend the time within which to reply to the administrator's counterclaim and the administrator responded by filing the required affidavit in support of his motion for summary judgment. The plaintiff thereupon filed an affidavit in opposition to the administrator's motion for summary judgment, together with his answer to the administrator's counterclaim.

Subsequently, the administrator caused a writ of attachment to issue, and the sheriff's return was entered June 24, 1966, showing that on the previous June 17 he had attached all of plaintiff's stock, fixtures and merchandise in the latter's Providence establishment. It is this attachment which gives significance to the instant appeal.

The complaint and answer were heard by a superior court justice on January 23, 1967. Intervening between this hearing and the denial of the administrator's motion for summary judgment, were further pleadings, objections thereto, counterpleadings and hearings thereon. Included therein were interrogatories propounded by plaintiff and his motion for the production of records and documents, and to all such motions the administrator objected. However, after hearings thereon, plaintiff's motions were granted and to the extent that he understood them, the administrator complied. Furthermore, after the denial of the administrator's motion for summary judgment on May 19, 1966, as previously noted, plaintiff filed a motion for summary judgment on October 14, 1966. This was predicated on the state of

the record as supplemented by the administrator's answers to plaintiff's interrogatories and the documents and the records produced by the administrator as ordered. This motion for summary judgment was heard by a superior court justice on November 10, 1966, and denied.

Thus, when the complaint and answer were heard by a superior court justice on January 23, 1967, a record had been compiled on the basis of which, at least plaintiff expected, there would emerge either a judicial determination of the deficiency taxes actually owed or an order to the administrator for a proper determination by that official pursuant to the provisions of the Administrative Procedures Act.

The superior court justice, the record discloses, examined the provisions of that act and correctly concluded that an order to the administrator for a determination consistent with the regulations adopted January 2, 1964, was the only relief available to plaintiff on his complaint. He, in effect, articulated the complaint as being in the nature of mandamus, seeking to compel the administrator to afford plaintiff the hearing to which the latter was entitled by virtue of the January 2, 1964 rules and regulations adopted by the division of taxation, in accordance with the mandate of the Administrative Procedures Act, chap. 35 of title 42. This statute, enacted as P. L. 1962, chap. 112, was made applicable to all administrative agencies not expressly exempted.[1] The division of taxation is not so exempted.

However, with respect to the nature of the hearings and a taxpayer's rights thereunder, relative to the correctness of the determination of the taxes, penalties and interest de-

---

[1]For a development of the case law in this area, see *Santos v. Smith,* 99 R. I. 430, 208 A.2d 524; *United Transit Co. v. Nunes,* 99 R. I. 501, 209 A.2d 215; *Hardman v. Personnel Appeal Board,* 100 R. I. 145, 211 A.2d 660; *Yellow Cab Co. of Providence v. Public Utility Hearing Board,* 101 R. I. 296, 222 A.2d 361; *Newport Nat. Bank v. Providence Institution for Savings,* 101 R. I. 614, 226 A.2d 137; *Yellow Cab Co. of Providence v. Public Utility Hearing Board,* 102 R. I. 100, 228 A.2d 542.

termined to be due by the administrator, the provisions of chaps. 10 and 19 of title 44 were amended to provide for a more judicial type hearing in the agency. See especially §§42-35-2, 9 to 13, as amended.

In his answer and the responses contained in reply to plaintiff's interrogatories, the administrator asserted the adoption by his agency of rules and regulations as required by §42-35-2, but conceded that plaintiff had not been accorded a hearing in accordance with such rules and regulations which presumably conform to the requirements of §§42-35-9 to 13.

We think it clear then that the superior court justice in ordering the administrator to hold such hearing, correctly decided the issue before him on January 23, 1967.

Pursuant to that decision, plaintiff on January 27, 1967, moved for entry of judgment. However, notwithstanding the limited and specific relief granted by the superior court justice in his January 23 decision, plaintiff's motion, in effect, called for a determination of the merits in his favor.

On January 31, 1967, the administrator filed a motion objecting to the entry of judgment as prayed. The thrust of this latter motion was that plaintiff was asking for entry of a judgment that would dismiss the administrator's counterclaim which if rendered would constitute a res adjudicata determination that plaintiff was in nowise indebted to the state for deficiency taxes, interest, and penalties. In consequence, the administrator presented to the superior court justice for entry, a judgment consistent with the administrator's understanding of said justice's decision. Pursuant thereto this order was entered ex parte on April 13, 1967. It provided in substance, that the matter be remanded to the administrator for a hearing conformable to the Administrative Procedures Act, but that the state's counterclaim remain intact and that "* * * any liens recorded against the

taxpayer continue in full force and effect until the final determination of the issues involved."

On April 20, 1967, plaintiff filed a motion to vacate the order entered April 13 on the grounds that it had been entered by accident or mistake without notice to plaintiff and, particularly pertinent to this appeal, "The order is illegal, improper and void or voidable in that the court's favorable determination of the matter on the merits for the plaintiff makes it mandatory that the counterclaim be dismissed."

This motion and plaintiff's motion for judgment on the merits, filed January 27, 1967, were heard together on May 11, 1967, by the superior court justice who had heard the case on complaint and answer January 23, 1967, and by whose decision the April 13 order had been entered. At the May 11 hearing, said justice ruled that the order of April 13 had been improperly entered, ordered it vacated and a new order entered. Pursuant to this ruling a new order was entered on June 1, 1967, and it is from this order that the instant appeal is before us. Because it will be helpful to an understanding of the issue presented for our consideration, the provisions of the order appealed from are here set forth in their entirety.

> "1. Plaintiff's motion to vacate the order of this court dated April 13, 1967 is hereby granted and said order is hereby vacated and declared null and void.
> "2. Plaintiff's motion for entry of judgment and request for finding of fact is denied.
> "3. Plaintiff's request that the counterclaim of the defendant be dismissed is not ruled on at this time.
> "4. This matter is remanded to the Tax Division and that it grant the taxpayer a hearing as soon as practicable in accordance with the Administrative Procedures Act."

The plaintiff's sole contention is that it was error for the superior court justice not to have dismissed the administrator's counterclaim and dissolved the lien acquired pur-

suant thereto, inasmuch as said counterclaim and its attendant lien were predicated on deficiency determinations as to the correctness of which plaintiff had not been accorded the quasi-judicial hearings mandated by the Administrative Procedures Act. Having directed the administrator to conduct hearings, plaintiff argues, the natural consequence of such ruling was to suspend the deficiency determinations on which the administrator's counterclaim was predicated. Consistent with this line of reasoning, plaintiff further argues that there is not presently existing a lawful determination of indebtedness, the securing of which is subject to a valid lien. What he seeks here, then, is a modification of the June 1, 1967 order, whereby, in addition to remanding the matter to the administrator for an appropriate Administrative Procedures Act hearing, the administrator's counterclaim be ordered dismissed and the lien acquired pursuant thereto dissolved.

In opposition thereto the administrator makes several arguments. He first contends that the refusal of the trial justice to pass on the status of the counterclaim is not a final determination within the meaning of Rule 73 of the superior court rules of civil procedure, hence not susceptible to review in this court. In advancing this argument, however, the administrator misconceives the rationale of plaintiff's appeal, namely, that the direction to the administrator was proper only if there had as yet been no valid administrative determination of the asserted claim for delinquent taxes, interest, and resulting penalties. We agree with plaintiff that inasmuch as he had not been accorded the hearing to which he was entitled under the Administrative Procedures Act, the superior court justice correctly forwarded the case to the administrator for such purpose, and so doing, necessarily found that the counterclaim of $5,-212.75 could not be asserted prior to an administrative determination resulting from a hearing to which plaintiff was

entitled. On such a finding the superior court justice should have dismissed the counterclaim as having been improvidently pleaded, and the lien purporting to secure the counterclaim should have likewise been dissolved.

Nevertheless, the administrator stresses that even after the January 21, 1966 affirmation of the May 28, 1965 deficiency determination, plaintiff requested further hearings pursuant to §44-10-11 and §44-19-17. This was subsequent to the October 19, 1965 hearings held under those provisions. In light of this, the administrator urges that plaintiff should not now be heard to complain, contending in effect, that plaintiff elected to pursue the administrative review authorized by the last cited sections.

While it must be admitted that as far back as June 4, 1965, when plaintiff made written request for an administrative review of the deficiency determinations, he should have been alert to the remedies provided by the Administrative Procedures Act, it cannot be said that he made an election. This is so for the obvious reason that there was no election to make, the legislature having supplanted the administrative remedies provided in §44-10-11 and §44-19-17, with the quasi-judicial administrative remedies contemplated by the Administrative Procedures Act. Justice compels us to hold that on receipt of plaintiff's June 4, 1965 written request for hearing, the administrator, or his agents to whom they were referred, should have related the request to the requirements of the Administrative Procedures Act and proceeded accordingly.

This, in substance, was a conclusion reached by the superior court justice, and he articulated the complaint accordingly, ordering the administrator to accord plaintiff the hearings to which he was entitled as soon as practicable. Having done this, however, he should have recognized that the administrator's counterclaim was not a responsive pleading and dismissed it without prejudice to the state as

to any deficiency taxes, interest and penalties as might result from the ordered hearings.

We hold therefore that the superior court justice was correct in requiring the administrator to hold hearings as contemplated by the Administrative Procedures Act, but erred in refusing to pass on the counterclaim. He should have dismissed it without prejudice as heretofore related and likewise dissolved the lien, leaving the administrator free to take such steps as by law he is authorized in the event that, subsequent to the ordered hearings, the plaintiff failed to pay such deficiency determination as was lawfully due, if any. Moreover, we hold, the hearings that the administrator is to accord to the plaintiff shall give to the latter the right to contest in such hearings the deficiency determination set forth in the May 28, 1965 statements without regard to penalties which might have been lawfully imposed if the procedures prescribed by the Administrative Procedures Act had been followed.

The plaintiff's appeal is sustained, and the parties may present a judgment to the court in chambers in accordance with this opinion.

*Pearlman & Pearlman, Alan H. Pearlman,* for plaintiff.

*Herbert F. DeSimone,* Attorney General, *D. A. St. Angelo,* General Counsel, Division of Taxation, State of Rhode Island, for defendant.