STEPPING STONE ENTERPRISES,
LTD., a Rhode Island Corporation,
and

Henry V. Davis, Plaintiffs, Appellants,

v.

Robert J. ANDREWS et al.,
Defendants, Appellees.

No. 75–1436.

United States Court of Appeals,
First Circuit.

Argued Jan. 9, 1976.

Decided March 11, 1976.

Aram K. Berberian, Cranston, R.I., for appellants.

V. James Santaniello, Providence, R.I., for appellees.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

This is an appeal from the denial of declaratory and injunctive relief and from the refusal to convene a three-judge court under 28 U.S.C. §§ 2281 and 2284. Appellants sought these forms of relief, alleging that defendants—various officials of the town of West Greenwich, Rhode Island—had violated their constitutional rights to free speech and expression and had deprived them of their right to engage in a lawful occupation. Specifically, appellants alleged that the town's denial of a license for the exhibition and promotion of certain musical theatrical performances on appellant's premises infringed the above-mentioned rights.

Appellants own what they call a "ranch" in the rural town of West Greenwich. They applied for a license to conduct a rock concert on that property during the July 4th weekend of 1975; that license was granted, and the concert was held. Appellants' applications for licenses for concerts to be held on July 18, 24, 25, 26, 27 and August 2 and 9 were, however, denied by the town council after a public hearing. The denial of these licenses was based on the following findings of fact made by the council:

1) Applicant's failure to make adequate arrangements for rescue and medical attention.

2) Applicant's failure to make adequate arrangements for fire and police or other security services within the confines of the ranch.

3) Applicant's failure to make adequate arrangements for campers (several thousand of whom were anticipated).

4) Applicant's failure to make adequate arrangements to protect neighboring property.

5) Applicant's failure to make adequate arrangements to control attendance.

6) Applicants failure to make adequate arrangements for lodging, food, and/or water.

Appellants then brought an action in the district court seeking to enjoin potential criminal prosecution for violations of R.I. G.L. §§ 5-22-1, 5-22-2 and 5-22-4 and of the town ordinance (enacted pursuant to those statutes) requiring the licensing of public entertainment.[1] Appellants also sought to enjoin town officials from interfering with the proposed performances. They additionally sought a declaratory judgment concerning the constitutionality of the Rhode Island statutes requiring the licensing of musical concerts and of the actions of the West Greenwich town council pursuant to those statutes. Finally, appellants sought the convening of a three-judge court to consider these matters. The district court denied all the requested relief and this appeal followed. We affirm.

■ The district court acted properly in declining to enjoin interference by town officials with unlicensed performances at appellants' ranch. There was ample evidence from which the court could conclude, as it did, that the license denials "were made by the defendants pursuant to and consistent with a legitimate interest in the health and safety of the citizens of the Town of West Greenwich and the State of Rhode Island." Indeed, appellants' brief on this appeal concedes as much:

"In the instant case, the public inconvenience, annoyance and unrest arose because of trespasses upon private property by patrons and others attending Stepping Stone's rock concerts, general litter, and traffic congestion making it difficult for the performance of municipal safety services."

---

1. The statutes and ordinance in question are reproduced in pertinent part in the Appendix. In addition, R.I. G.L. § 5-22-5, to which § 5- 22-1 refers, is also reproduced in the Appendix to the extent that it is relevant to this case.

Appellants do not in fact contend that there was anything arbitrary or pernicious about the *manner* in which the licenses were denied them nor do they contest the accuracy of the findings of fact made by the town council prior to denying the licenses. Rather they argue that the town's licensing ordinance and the state statutes from which it derives its authority are unconstitutional. Although appellants' attack on the ordinance and statutes is of the shotgun variety, it nevertheless misses the mark.

■ It is well established that a state and, when properly authorized, a local government have broad powers to establish standards for the protection of health and safety. *See, e. g., Barsky v. Board of Regents,* 347 U.S. 442, 449, 74 S.Ct. 650, 654, 98 L.Ed. 829, 838 (1954); *Friendship Medical Center, Ltd. v. Chicago Board of Health,* 505 F.2d 1141, 1149 (7th Cir. 1974), *cert. denied,* 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1975). *See also Police Department of Chicago v. Mosley,* 408 U.S. 92, 98, 92 S.Ct. 2286, 2291, 33 L.Ed.2d 212, 218 (1972); *Grayned v. City of Rockford,* 408 U.S. 104, 115, 92 S.Ct. 2294, 2303, 33 L.Ed.2d 222, 231 (1972); *Cox v. New Hampshire,* 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049 (1941); *Cantwell v. Connecticut,* 310 U.S. 296, 306–07, 60 S.Ct. 900, 904, 84 L.Ed. 1213, 1219 (1940); *Glasson v. City of Louisville,* 518 F.2d 899, 904 (6th Cir.) *cert. denied* 423 U.S. 930, 96 S.Ct. 280, 46 L.Ed.2d 258, 44 U.S.L.W. 3264 (U.S. Nov. 4, 1975). It does not appear to us that the statutes and ordinance challenged here do otherwise. Neither the statutes nor the ordinance provide for the denial of a license because of the *contents* of a proposed show; thus many of the cases cited by appellants—*e. g., Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975); *Erznoznik v. City of Jackson,* 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975); *Southeastern Promotions, Ltd. v. Conrad,* 420 U.S. 546, 95 S.Ct. 1239, 43 L.Ed.2d 448 (1975); *Glasson v. City of Louisville, supra*—are simply inapposite inasmuch as they deal with impermissible governmental attempts to control the *contents* of expression. None of these cases suggest that a town may not enact reasonable licensing provisions for the protection of the public's health and safety.

It should also be noted that the statutes and ordinance do not place appellants' right to be heard "in the uncontrolled discretion of the Chief of Police," *Saia v. New York,* 334 U.S. 558, 560–61, 68 S.Ct. 1148, 1150, 92 L.Ed. 1574, 1577 (1948), or of any other official. Definite standards, related to the health and safety of the citizenry, govern the decision to license vel non. *See Police Department of Chicago v. Mosley, supra* at 97, 92 S.Ct. at 2285, 33 L.Ed.2d at 217: *Kunz v. New York,* 340 U.S. 290, 71 S.Ct. 312, 95 L.Ed. 280 (1951). Nor are the statutes and ordinance void for overbreadth; rather, they are carefully tailored enactments "dealing with conduct subject to regulation so as to vindicate important interests of society . . . ." *Cox v. Louisville,* 379 U.S. 559, 564, 85 S.Ct. 453, 481, 13 L.Ed.2d 471, 492 (1965).

■ The district court, therefore, acted properly in denying both injunctive and declaratory relief in this case. It also declined to convene a three-judge court, finding that appellants had failed to raise a substantial constitutional question. "Title 28 U.S.C. § 2281 does not require the convening of a three-judge court when the constitutional attack upon the state statutes is insubstantial." *Goosby v. Osser,* 409 U.S. 512, 518, 93 S.Ct. 854, 858, 35 L.Ed.2d 36, 42 (1973). In the light of our discussion *supra,* and the decisions of the Supreme Court cited, the present attack upon the constitutionality of the Rhode Island statutes can only be viewed as insubstantial.[2]

*Affirmed.*

See Appendix on next page

---

2. Appellants also object, albeit somewhat obscurely, to an injunction against Stepping Stone obtained by the State in the state court relative to a collateral matter. They allege that there were procedural irregularities involved in the issuance of this injunction and that a fraud was committed upon both the Rhode Island courts and Stepping Stone. On the basis of these allegations they argue that the district court "should have declined to dignify the fraud by not giving the Kent County Superior Court injunction any credance (sic) or weight

APPENDIX

General Laws of Rhode Island (1956):

5–22–1. *Town regulatory powers.*—The town councils and city councils may license, regulate and in those certain cases specifically set forth in § 5–22–5 may prohibit and suppress theatrical performances, rope and wire dancing and all other shows and performances in their respective towns, conforming to law.

5–22–2. *Town license for exhibitions.*—They may grant a license, for a term not exceeding one (1) year, under such restrictions and regulations as they shall think proper, to the owner of any house, room or hall in the town, for the purpose of permitting exhibitions therein, which license shall be revocable at the pleasure of said town council.

5–22–4. *Town license required.*—No person shall publicly or for pay or for any profit or advantage to himself, exhibit or promote or take part in any theatrical performance, or rope or wire dancing or other show or performance, or conduct, engage in or promote any wrestling, boxing or sparring match or exhibition, nor shall any person for any pecuniary profit or advantage to himself, promote any public roller skating in rinks or halls, or give any dance or ball, without a license from the town council of the town in which such performance, show, exhibition, dance or ball is sought to be given.

5–22–5. *Local licensing of amusements—Prohibition of obscene shows and performances.*—Any town council, the board of police commissioners, or in the case of the City of Providence, the bureau of licenses, or any other licensing board or authority in any city or town may require a license for any place within its respective city or town at which any such performances, shows, exhibitions, public roller skating, dances or balls are presented or conducted for any term not exceeding one (1) year, and may deny, revoke or refuse to renew any such license only upon the ground that the said place presents a danger to the public health or safety.

.    .    .    .    .

*TOWN OF WEST GREENWICH ORDINANCE REQUIRING LICENSE FOR PUBLIC ENTERTAINMENT*

APPROVED JULY 12, 1972

Be it ordained by the Town Council of the Town of West Greenwich, as follows:

SECTION 1. *APPLICATION:*

No person shall hold any public entertainment within the town of West Greenwich without first filing a written application for a license to do so with the Town Council of said Town. Said application shall be filed not later than seven days prior to the next regular meeting of said Town Council, provided, however, that said Town Council may waive this requirement on good cause shown by the applicant.

SECTION 2. *COMPLIANCE* WITH OTHER LAWS:

No license shall issue by said Town Council until the applicant or applicants shall affirmatively show that the proposed entertainment if allowed, or the premises to be used therefor, if allowed, shall otherwise comply with all applicable Federal, State and local laws relative to the health, safety and welfare of the public, including, but not limited to: Traffic, zoning, parking, fire protection, and the like.

whatsoever." It does not appear from the district court's opinion, however, that its denial of relief to appellants was in any meaningful way predicated on the existence of the state court injunction and, therefore, we need not deal with appellants' allegations as to procedural irregularities in the state proceedings.