STERLING SHOE CO.

v.

**John H. NORBERG et al.**

Civ. A. No. 75-207.

United States District Court, D. Rhode Island.

April 6, 1976.

---

1. Plaintiffs' argument concerning the "60-day Rule", *i. e.*, the policy of the Manpower Administration not to re-certify nonimmigrant aliens who have not found new employment within 60 days of dismissal from previous employment, does not merit textual consideration. The 60-day limitation period is a grace period which only benefits nonimmigrant aliens—who would otherwise be immediately deportable upon losing their jobs.

Thomas W. Pearlman, Avram N. Cohen, Providence, R. I., for plaintiff.

Perry Shatkin, R. I. Division of Taxation, Forrest Avila, Sp. Asst. Atty. Gen., State of R. I., Providence, R. I., for defendants.

## OPINION

PETTINE, Chief Judge.

This matter is before the Court to consider plaintiff's motion for summary judgment and defendants' motion to dismiss. The issues controlling resolution of these motions were discussed at a hearing held in this matter on February 2, 1976, a transcript of which is on file, and have been the subject of further

briefing by the litigants. Aside from the class action aspects of the complaint, which plaintiff has deferred, the key issue to be resolved incorporates two questions which were addressed in greater detail at the February 2, 1976, hearing:

(1) Do 28 U.S.C. § 1341* and the Supreme Court's decision in *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943), bar the federal court from granting plaintiff injunctive or declaratory relief?

(2) Is a three-judge court required pursuant to 28 U.S.C. § 2281 to resolve question (1) in this case?

■■■■ The Supreme Court's decision in *Spector Motor Service v. O'Connor*, 340 U.S. 602, 71 S.Ct. 508, 95 L.Ed. 573 (1951), instructs that 28 U.S.C. § 1341 does not operate to divest the federal courts of jurisdiction over a suit to contest state taxation if there is uncertainty as to the adequacy of the state court remedies available. Here plaintiff asserts that the state remedies available by statute do not comport with procedural due process in several respects. Since plaintiff seeks an injunction against the operation of a statute of statewide applicability on constitutional grounds, a three-judge court is required by 28 U.S.C. § 2281 to determine the merits of its constitutional claim unless that claim is wholly insubstantial. *See, e. g., Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 858, 35 L.Ed.2d 36, 42 (1973); *Stepping Stone Enterprises, Ltd. v. Andrews*, 531 F.2d 1 (1st Cir. 1976); *Doe v. Israel*, 482 F.2d 156 (1st Cir. 1973). In *Goosby v. Osser, supra*, 409 U.S. at 518, 93 S.Ct. at 859, 35 L.Ed.2d at 42, the United States Supreme Court gave content to this inquiry:

"In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for the purposes of 28 U.S.C. § 2281. A claim is insubstantial only if ' "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." ' [citations omitted]."

The parties agree that the following remedies are available to a taxpayer to contest the tax assessment in this case.

Where a taxpayer, upon receipt of notice of a tax determination or deficiency, seeks to contest the assessment, he must notify the tax administrator and request a hearing. The conduct of that hearing is governed by Rhode Island's Administrative Procedures Act ("APA"), *see especially* R.I.G.L. §§ 42–35–9 through 42–35–13. *Sterling Shoe Co. v. Langton*, 103 R.I. 688, 240 A.2d 727 (1968). The Rhode Island Supreme Court's decision in *Sterling Shoe Co. v. Langton, supra*, appears to instruct that the provisions of Title 44 referring specifically to review of tax assessments by the administrator, R.I.G.L. § 44–19–17, and by the judiciary, R.I.G.L. § 44–19–18, have been superceded by the analogous provisions of the APA, R.I.G.L. § 42–35–9 *et seq. But see Langton v. Demers*, 102 R.I. 375, 230 A.2d 870 (1967).

If a taxpayer is not satisfied with the administrator's determination after hearing, he may seek judicial review in Rhode Island Superior Court under the APA, R.I.G.L. § 42–35–15. As a prerequisite to such judicial review, the taxpayer must pay the contested tax. § 42–35–15(b). Although the scope of judicial review is restricted and appellate in nature, § 42–35–15(f), (g), the reviewing court is expressly charged by § 42–35–15(g) to pass upon claims of violation of

---

* "§ 1341. Taxes by States

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

constitutional or statutory provisions (subsections (g)(1), (g)(2)), and failure to adhere to lawful procedure (subsection (g)(3)), among others. Further review by the Rhode Island Supreme Court is available, but discretionary, § 42–35–16.

Section 42–35–15(a) provides that judicial review under APA

"does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law."

It is not clear, however, that any other state proceeding would permit a taxpayer to challenge the underlying legality of a tax determination. In *Langton v. Demers, supra,* and *Langton v. Brady Electrical Co.,* 100 R.I. 366, 216 A.2d 134 (1966), the Rhode Island Supreme Court ruled that a taxpayer who seeks judicial review of the tax administrator's action can only raise the issue by following the administrative and judicial procedures provided by law, there citing R.I.G.L. § 44–19–18 which, like § 42–35–15, requires payment of the contested amount as a prerequisite to seeking judicial review. In the two cited cases, the Rhode Island Supreme Court rejected the taxpayers' attempt to contest the tax assessment for the first time as defendant in a civil collection proceeding brought by the administrator. The court also concluded that conditioning judicial review upon prepayment of the tax did not constitute a denial of due process. This is the conclusion of the United States Supreme Court in *Great Lakes v. Huffman, supra.* Both § 44–19–18 and § 42–35–15 require prepayment of the disputed tax prior to judicial review. Although it is not clear whether Rhode Island still relies upon § 44–19–18, *compare Sterling Shoe v. Langton, supra, with Langton v. Demers, supra* (both decided after the APA took effect), the reasoning of *Demers* and *Brady Electrical* would seem to apply with equal force to make judicial review after prepayment, either under § 44–19–18 or § 42–35–15, the exclusive means by which a taxpayer can contest the legality of a tax assessment. As a result, the Court will not speculate as to the adequacy, for purposes of 28 U.S.C. § 1341, of any other legal remedies theoretically available to a taxpayer, such as plaintiff in a state court action for declaratory judgment or as defendant in a civil tax collection proceeding, but will limit its inquiry to the adequacy of procedures provided under the APA and Title 44, Chapter 19 of the Rhode Island General Laws, both of which call for prepayment of the tax assessment.

■ First of all, I note that it is settled law that prepayment as a prerequisite to judicial review does not prevent application of 28 U.S.C. § 1341. *Great Lakes v. Huffman, supra.* There is a qualification, however, where there is a factual showing, not alleged here, that prepayment in order to secure judicial review "poses such a heavy burden that to deny equitable relief is to deny judicial review entirely. *Denton v. City of Carrollton,* 235 F.2d 481, 485 (5th Cir. 1956)." *Griffin, Inc. v. Tully,* 404 F.Supp. 738, 744–745 (D.Vt.1976) (three-judge court), *appeal filed,* 424 U.S. 907, 96 S.Ct. 1099, 47 L.Ed.2d 310.

■ Next plaintiff contends that it was denied an impartial hearing because the same persons were involved in both the investigative and adjudicative phases of the administrative action. There are two responses to this contention. First, defendants have countered plaintiff's bald allegation with specific denials by affidavit. The plaintiff was alerted to this fact at the February 2 hearing by the Court, but has failed to submit any documentary support for its assertions. To the extent that defendants have, by their affidavits, raised matters outside the pleadings, the Court may treat their motion to dismiss as a cross-motion for summary judgment. Fed.R.Civ.P. 12(b). As a result, R. 56(e), Fed.R.Civ.P., persuades me to accept as uncontroverted the factual assertions made in the affidavits submitted by the defendants. Rule 56(e) states in part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or

denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

*See generally* 10 Wright and Miller, Federal Practice & Procedure: Civil § 2739. Thus, plaintiff's factual contention that it was denied an impartial administrative hearing must be rejected for want of factual bases.

The second response to this contention is a legal one. Plaintiff's assertion, that it was denied an impartial administrative hearing simply because the same individuals participated in both the investigative and adjudicative phases of the agency action, was rejected as a *per se* violation of the Due Process Clause by the United States Supreme Court in *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). I conclude that, for purposes of 28 U.S.C. § 1341, plaintiff has an adequate remedy available at state law to present specific facts and circumstances, to demonstrate, in accordance with *Withrow* and cases cited therein, a denial of an impartial tribunal.

■ Plaintiff also argues that it was denied due process in that the administrative hearing did not conform to the requirement of state law, R.I.G.L. § 42–35–10, that the rules of evidence applied in state superior court civil cases be followed. I do not read § 42–35–10 as narrowly as does plaintiff. Section 42–35–10 clearly permits a departure from the rules of evidence "when necessary to ascertain facts not reasonably susceptible of proof under those rules, . . . [where] it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs." Failure to comply with this standard must be resolved on a case-by-case inquiry, which § 42–35–15 clearly authorizes the superior court to do. Plaintiff has failed to cite any legal precedent to support its extraordinary contention that minimum procedural due process demands strict conformance to the rules of evidence.

■ Indeed, the only issue raised by plaintiff that presented any difficulty was plaintiff's allegation that judicial review under § 42–35–15 does not constitute a "plain, speedy and efficient [state] remedy" within the meaning of 28 U.S.C. § 1341 because it provides no machinery for the security of the taxpayer's prepaid assessment pending outcome of the judicial appeal. It appears that amounts paid by a taxpayer under protest are not segregated, but become part of the general state revenues. *See* R.I. G.L. § 44–19–24. However, in the event a taxpayer prevails upon appeal, R.I.G.L. § 44–19–19 provides that:

"[T]he court may order a refund with interest at the rate of six per cent (6%) per annum, or order a credit, as the circumstances may warrant. If a refund is so ordered, it *shall be* paid by the general treasurer upon certification of the tax administrator with the approval of the director of administration." (Emphasis added.)

Section 44–19–26 further provides:

"[W]henever a court of competent jurisdiction shall order a refund of any moneys [paid under the Sales and Use Tax Act], the general treasurer *shall*, upon certification by the tax administrator and with the approval of the director of administration, pay such refund from any moneys in the treasury not otherwise appropriated without any further act or resolution making appropriation therefor." (Emphasis added.)

The quoted passages lay to rest plaintiff's claim that the tax administrator has discretion to ignore a court ordered refund; to the contrary, they merely establish the procedural safeguards to be followed to certify that such a refund can properly be drawn against the general state revenues. If the plaintiff ultimately prevails, it will be entitled to a refund of its prepayment plus interest.

Nevertheless, plaintiff contends that these protections are facially inadequate since due process requires no less than segregation of taxes paid under protest. Plaintiff's constitutional claim on this

point is wholly insubstantial. Plaintiff does not contend, as a factual matter, that the State of Rhode Island has failed to pay refunds "in the usual and orderly course" due to insolvency, or lack of funds. As a result, *Stewart Dry Goods Co. v. Lewis,* 287 U.S. 9, 53 S.Ct. 68, 77 L.Ed. 135 (1932), has no bearing upon this case. *See Matthews v. Rodgers,* 284 U.S. 521, 528, 52 S.Ct. 217, 220, 76 L.Ed. 447, 453 (1932). There is simply no basis in fact or law to consider Rhode Island's statutory scheme, which permits commingling of disputed taxes and general revenue, any the less "plain, speedy, and efficient" than the scheme upheld by the United States Supreme Court in *Great Lakes v. Huffman, supra.* In a slightly different context, the Supreme Court referred to the "difference that the money collected is directed to be held separate and apart by the collector instead of being held in the general funds of the State Treasurer" as "immaterial." *Great Northern Life Insurance Co. v. Read,* 322 U.S. 47, 53, 64 S.Ct. 873, 876, 88 L.Ed. 1121, 1125 (1944). *Cf. Bowen v. Hackett,* 387 F.Supp. 1212, 1222 n. 14 (D.R.I.1975). In *Kohn v. Central Distributing Co.,* 306 U.S 531, 59 S.Ct. 689, 83 L.Ed. 965 (1939), the Supreme Court considered a statute which provided that a court-ordered refund of a wrongfully assessed tax be paid "with legal interest thereon . . . at once out of the general expenditure of the State in preference to other warrants or claims against the Commonwealth." *Id.* at 532 n. 1, 59 S.Ct. at 690, 83 L.Ed. at 967. The Court concluded that this provision constituted a "plain, speedy, and efficient [state judicial] remedy" within the meaning of the predecessor to 28 U.S.C. § 1341 and therefore precluded federal court intervention. *Id.* at 534, 59 S.Ct. at 691, 83 L.Ed. at 967. "[I]n the absence of allegations in the bill, which are wanting here, of special circumstances showing inability of the . . . collecting officer to pay the [refund] judgment," *Matthews v. Rodgers, supra,* 284 U.S. at 528, 52 S.Ct. at 220, 76 L.Ed. at 453, plaintiff's constitutional claim is in-distinguishable from those rejected by the United States Supreme Court in *Great Lakes v. Huffman, supra; Kohn v. Central Distributing Co., supra;* and *Matthews v. Rodgers, supra.*

 These cases compel the conclusion that plaintiff's constitutional attack upon the adequacy of Rhode Island's statutory scheme to contest tax assessments is wholly insubstantial and may be decided by a single federal judge.

I conclude therefore that 28 U.S.C. § 1341 applies herein to divest the Court of jurisdiction to entertain plaintiff's action for injunctive or declaratory relief. As a consequence, defendants' motion to dismiss the action must be and is hereby granted.

Defendants shall prepare an order in conformance with this opinion.