**HANCOCK BANK, Trustee of Estate of Anna F. C. Martin, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 1041.

United States District Court
S. D. Mississippi, W. D.

March 5, 1966.

Landman Teller, Vicksburg, Miss., for plaintiff.

E. R. Holmes, Asst. U. S. Atty., Jackson, Miss., for defendant.

WILLIAM HAROLD COX, Chief Judge.

This is a suit to recover income taxes in excess of the amount allegedly due by this trust estate for the year 1957. The taxpayer was on a cash basis in reporting and paying such federal taxes.

The controversy grows out of royalties earned by and due to the trust estate from Humble Oil and Refining Company under a Producer's Form 88 Oil, Gas & Mineral Lease, dated April 21, 1945, embracing four-fifth's of one-sixth royalty interest owned by this trust as lessors in the Berkley Plantation about sixteen miles southeast of Natchez in Adams County, Mississippi. There was some litigation over the estate of Anna F. C. Martin in the state court after her death on December 3, 1942. It does not appear that the outcome of that litigation would

have affected the validity of this mineral lease, and it was always treated by Humble as being valid and subsisting. Some controversy existed among the beneficiaries of the trust estate as to their right to royalties earned under this lease as between the life beneficiaries and the remaindermen of the trust; that is, as to whether the royalty itself was income or merely interest on the royalty was income to which the life beneficiary would be entitled. The lease obligated the lessee to pay the lessors royalties without express demand therefor. These royalties were payable as they became due and were income to this taxpayer in those years. It must be and is presumed under the facts and circumstances in this case that these funds were unconditionally available to the taxpayer in those years. The lease provided: "Lessee may pay or tender said rental jointly to such persons or to their joint credit in the depository named herein; or, at lessee's election, the proportionate part of said rental to which each participant is entitled may be paid or tendered to him separately or to his separate credit in said depository; and payment or tender to any participant of his portion of the rentals hereunder shall maintain this lease as to such participant." There was much correspondence between the lessors and the lessee about these royalties, but no demand therefor was ever made or refused. The lessee simply credited these royalties to the lessors from year to year on its books until 1957 after the state litigation involving the estate had been finally concluded when the taxpayer for the first time demanded and was promptly paid all royalties accumulated for the years 1950–1957 inclusive. The taxpayer never reported these royalties or paid income taxes to the United States thereon or the State of Mississippi for the years 1950–1956 inclusive.

■ The taxpayer paid income taxes on one-sixth of the entire amount of such royalties as if due and available for the first time in its entirety in 1957. Upon discovering its error, the taxpayer requested a refund in the amount of sixty-eight hundred forty dollars forty-four cents which it later amended to twelve thousand one hundred eighty-eight dollars twenty cents. The taxpayer's initial claim for a refund treated the royalties as earned each year from 1950 through 1956 and credited the United States with the taxes justly due it therefor. Later, after the three year statute of limitation had barred the right of the United States to exact such taxes from the taxpayer for all of such years, an amendment to its claim was filed on January 15, 1962 to recover the larger amount stated. This claim is presented on stipulation of the parties as to the facts. The Court has employed that stipulation and has drawn its reasonable inferences therefrom as it is entitled to do in reaching this decision.

There was never any dispute by anybody as to the validity of this lease with Humble and it was never concerned with the outcome of the state litigation to which it was not a party.

■ It is basic and fundamental that a taxpayer on a cash basis is taxable on income during the year in which income is unconditionally available to him. These royalties were credited each year on its books by the lessee to the account of the lessors. The departmental regulations provide: "Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account or set apart for him so that he may draw upon it at any time." In Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916, it is said: "The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income whether he sees fit to enjoy it or not." In this case as a matter of law in Mississippi this lessee owed these lessors these royalties which were due from year to year and under a Mississippi statute bore interest at 6% per annum from due date until paid. Significantly, the lessee never disparaged or had any doubt as to the validity of this lease or made any effort to deter-

mine the internal family problem concerning what should be treated as income due a life tenant from royalties under this trust estate. That question does not avail the United States to defeat the application here of its own rule that these taxes in controversy in this case did not become due and payable in its entirety in 1957. This Court finds and will adjudge as a fact that these royalties did not accrue to this taxpayer in 1957 as the government contends, but it did accrue and such taxes became due and payable over the years 1950–1957 in the amounts and as shown on the original claim filed by the taxpayer with the Commissioner herein. The taxpayer certainly did not earn income in 1957 in the amount of fifty thousand nine hundred forty-nine dollars seventy-five cents as it erroneously and mistakenly reported.

▮ It would be unfair and unjust in the extreme to permit this taxpayer under the circumstances in this case to recover on its amended claim which is a clear afterthought asserted after its effect had been duly assayed. This taxpayer has properly paid all that was justly and rightfully due to the United States as income taxes from these royalties. That concession and admission was unqualified and waived any inability of the United States to claim such taxes thus acknowledged then to be due, and taxpayer may not in this Court be now heard to assert to the contrary after the statute has barred the government's claim in its entirety thereto. In this case these taxes justly due by the taxpayer were voluntarily paid. It is a point of general law of universal application that a voluntary payment may never be recovered. That is the situation here as to these taxes justly due by this taxpayer for 1950–1956. "In accordance with the general rule, if a person voluntarily pays what the law will not compel him to pay, but which in equity and good conscience he ought to pay, he cannot recover it back, although the parties differ as to its application." 70 C.J.S. Payment § 133, p. 343. Cf: Johnson v. Commissioner of Internal Revenue, 5 Cir., 162 F.2d 844. Whether or not the plaintiff's increased demand is itself barred by statute is not necessary to be decided, but it is positively decided that its amended claim is without merit to the extent and for the reasons indicated. It is the opinion of the Court that the plaintiff is entitled to a judgment against the defendant for the principal sum of sixty-eight hundred forty dollars forty-four cents with interest. No costs will be assessed. A judgment accordingly may be presented for entry.