403 A.2d 240.

## John M. Randall *vs.* John H. Norberg, *Tax Administrator.*

JUNE 25, 1979.

Present: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J   This is a statutory petition for certiorari, filed pursuant to G.L. 1956 (1977 Reenactment) §42-35-16 of the Administrative Procedures Act. The petitioner, John M. Randall, seeks review of a Superior Court judgment affirming a determination by the respondent tax

administrator that the petitioner owed a use tax which, together with interest and penalties, amounted to $9,831.23.

The Rhode Island Division of Taxation mailed a notice of deficiency to petitioner in September 1973. The petitioner filed a timely request for a hearing with the tax administrator and the case was submitted upon an agreed statement of facts. This statement discloses that in June 1972 petitioner purchased and took delivery of the yacht "Maura" in Delaware. During the period in question, petitioner maintained a residence in Florida. He also retained a home at 629 Middle Road, East Greenwich, Rhode Island.

The petitioner brought the "Maura" into Rhode Island on various occasions for repairs, maintenance, supplies and brief social visits. At these times the vessel was berthed at Wickford Marina and petitioner stayed at his East Greenwich home.

The record also reveals that petitioner filed a Rhode Island resident income tax return for the 1972 taxable year. He adds the qualification, however, that he did not intend this filing to reflect Rhode Island as his "primary residence."

Before the tax administrator, petitioner claimed exemption from the use tax by virtue of G.L. 1956 (1970 Reenactment) §44-18-36(B),[1] which exempts from liability property bought by a nonresident and brought by him into Rhode Island for personal use. The respondent, however, ruled that petitioner was a Rhode Island resident during the taxable year in issue and therefore subject to liability for the use tax. The finding of residency was based upon the undisputed facts that petitioner maintained a home in Rhode Island when he first

---

[1]G.L. 1956 (1970 Reenactment) §44-18-36 in pertinent part reads:

"Property held prior to effective date—Property of non-residents—Extension of sales tax exemptions to use tax.—The storage, use, or other consumption in this state of the following shall also be exempted from the use tax:

* * *

"B. Property purchased by the user while a nonresident of this state, and brought into the state by him for his own use."

brought the yacht into Rhode Island and that he stayed at home during the vessel's subsequent visits there.

Following this adverse decision, petitioner paid the tax under protest and filed a complaint in Superior Court for a refund pursuant to §42-35-15. The trial justice upheld respondent's decision and petitioner filed this petition for certiorari.

On certiorari, petitioner challenges the decision of the trial justice as arbitrary and capricious and therefore an abuse of discretion. Specifically, he maintains that the finding of Rhode Island residency contradicts the evidence as contained in the agreed statement of facts, that the property in question was brought into the state for the exclusive use outside the state and therefore exempt from the taxation, and further that the imposition and collection of the tax violates both the commerce clause and the due-process clause.

Before embarking upon an analysis of the issues presented to us, we note that our scope of review of the trial justice's decision is narrowly defined. *Prospecting Unlimited,Inc.* v. *Norberg*, 119 R.I. 116, 123, 376 A.2d 702, 706 (1977). In determining whether the trial justice abused his discretion, we examine the record to determine whether any competent evidence exists to support the decision and whether the decision is affected by any errors of law. *Correia* v. *Norberg*, 120 R.I. 793, 799, 391 A.2d 94, 97 (1978).

I

We first consider the challenge to respondent's finding of residency. The petitioner maintains that the agreed statement of facts constitutes the only factual evidence to be considered and that the statement contains no assertion of Rhode Island residency. Therefore, according to petitioner, respondent's conclusion stands in conflict with the agreed statement.

An agreed statement of facts operates to submit a controversy for consideration when both parties have agreed upon the ultimate facts. No factual conflict exists for resolution,

thus the court is left with no independent factfinding function. *Barnes* v. *State*, 31 Md. App. 25, 35, 354 A.2d 499, 505 (1976). The court's role is limited to applying the law to the undisputed facts. *See Indiana Insurance Co.* v. *Knoll*, 142 Ind. App. 506, 515, 236 N.E. 2d 63, 70 (1968); *American Iron & Machine Works Co.* v. *Insurance Company of North America*, 375 P.2d 873, 875 (Okla. 1962).

While the trier of fact may not reach beyond the undisputed record in reaching a decision, it is not precluded from drawing any reasonable inferences logically embraced by the agreed statement. *Jewel Company of America, Inc.* v. *George*, 118 R.I. 372, 377, 373 A.2d 1200, 1203 (1977). *See Big Diamond Mills Co.* v. *United States*, 51 F.2d 721, 726 (8th Cir. 1931); *Hancock Bank* v. *United States*, 254 F. Supp. 206, 207 (S.D. Miss. 1966), *aff'd* 400 F.2d 975 (5th Cir. 1968); *State* v. *Fico*, 147 Conn. 426, 427, 162 A.2d 697, 698 (1960). We shall therefore sustain a conclusion which is the product of reasonable inferences drawn from undisputed facts. *Wickes* v. *Kofman*, 121 R.I. 698, 402 A.2d 591 (1979); *Jewel Company of America, Inc.* v. *George*, 118 R.I. at 377, 373 A.2d at 1203. A conclusion will not be upheld, however, when it stands in contradiction to the undisputed facts. *See Mart Realty, Inc.* v. *Norberg*, 111 R.I. 402, 410-11, 303 A.2d 361, 366 (1973).

Applying the standard to the instant case, we point out that petitioner's repeated visits to Rhode Island, his retention of a home here and the filing of a residential income tax return are all stipulated and undisputed. Supplied with these facts, respondent and the trial justice reasonably concluded that petitioner had sufficient connection with Rhode Island to be considered a resident for purposes of imposing a use tax.

Nor can we accept petitioner's contention that this position is inconsistent with our holding in *Mart Realty, Inc.* v. *Norberg*. In *Mart Realty* the parties had stipulated that, once certain items were deposited in the mail, they were beyond the control of the taxpayer. We ruled that the issue of control was a question of fact to which the parties agreed. This stipu-

lation was conclusive on the issue of control on both the parties and the court. The trial justice in *Mart Realty* had erroneously reached the contradictory conclusion that the taxpayer did have control after the mailing. 111 R.I. at 411, 303 A.2d at 366. However, no similar question of contradiction arises in the present case, for it is axiomatic that the reasonable inference of residency does not contradict the underlying facts from which it is drawn.

## II

The petitioner next asserts that he is entitled to exemption from the use tax by virtue of §44-18-11.[2] This section provides an exemption for property shipped into Rhode Island for the purpose of subsequently transporting it outside Rhode Island for exclusive use outside the state. The petitioner contends that his conduct falls within the ambit of the statute since he merely brought his yacht into Rhode Island on the way to its ultimate destination in Florida. According to petitioner, taxation in such circumstances violates the statute and is an undue burden on interstate commerce.

This argument, however, overlooks the precise language of §44-18-11 and our prior interpretations of that section. As noted previously, the exemption applies only to property brought into Rhode Island to be used *solely* outside the state. Consistent with the mandates of the commerce clause of the United States Constitution art. I, §8, this section exempts from taxation any property in the flow of interstate commerce which enters Rhode Island from out of state and, with only minor interruption, continues on its interstate journey.

---

[2]G.L. 1956 (1970 Reenactment) §44-18-11 reads:

"Storage or use for export.—'Storage' and 'use' do not include the keeping, retaining, or exercising of any right or power over tangible personal property shipped or brought into this state for the purpose of subsequently transporting the same outside the state for use thereafter solely outside the state, or for the purpose of being processed, fabricated, or manufactured into, attached to or incorporated into, other tangible personal property to be transported outside the state and thereafter used solely outside the state."

*See Paul Arpin Van Lines Co. v. Norberg,* 115 R.I. 379, 381-82, 346 A.2d 655, 656 (1975); *Safeway Systems, Inc. v. Norberg,* 115 R.I. 127, 131, 341 A.2d 47, 49 (1975). A taxable event does occur, however, when the stoppage in transit is essential neither to the interstate journey nor for the purposes of safety and convenience in the course of that journey. *See Pan American World Airways, Inc. v. Morgan,* 82 Wash. 2d 706, 708-09, 513 P.2d 278, 279-80 (1973), *citing Minnesota v. Blasius,* 290 U.S. 1, 9-10, 54 S.Ct. 34, 37, 78 L.Ed. 131, 136 (1933). Under such facts the property in question loses its interstate character and a state may tax the privilege of exercising ownership rights without running afoul of the constitutional prohibition against state taxation of interstate commerce. *See Louisville Title Agency for N.W. Ohio, Inc. v. Kosydar,* 43 Ohio St. 2d 109, 111, 330 N.E.2d 899, 901-02 (1975).

The repeated visits of petitioner's yacht to Rhode Island are local activity of the sort that can be readily separated from the cloak of interstate commerce immunity. While repairs and maintenance alone may not be sufficient activity to constitute a taxable moment, *see Louisville Title Agency for N.W. Ohio, Inc. v. Kosydar,* 43 Ohio St. at 112-13, 330 N.E.2d at 901, these acts combined with the yacht's repeated presence for social visits does result in sufficient exercise of ownership rights to be considered a "use" within the meaning of §44-18-11. Furthermore, these repeated visits to Rhode Island stand in complete contradiction to §44-18-11's requirement that the property in question be destined for exclusive use outside the state.

### III

The petitioner next asserts that the statutory procedures available to one aggrieved by a decision of the tax administrator fail to comport with procedural due process. Specifically, petitioner maintains that §42-35-15(b), which requires payment of the disputed amount as a precondition to seeking judicial review of the tax administrator's decision, results in deprivation of a taxpayer's property without due process.

We have previously held that an identical procedure contained in §44-19-18 does not work a due-process violation. *See Langton* v. *Demers,* 102 R.I. 375, 378, 230 A.2d 870, 872 (1967); *Langton* v. *Brady Electrical Co.,* 100 R.I. 366, 373-74, 216 A.2d 134, 138 (1966). This result was approved in *Sterling Shoe Co.* v. *Norberg,* 411 F. Supp. 128, 131 (D.R.I. 1976), and we see no need to reach a different result today with respect to the supplemental procedure contained in §42-35-12.

## IV

The petitioner's final contention is that the Administrative Procedures Act, by providing only a limited scope of judicial review of the tax administrator's decision, violates due process. According to petitioner, the crucial factfinding process is made by the tax administrator, who is obviously an interested party. The limited judicial review granted by the Administrative Procedures Act is, according to petitioner, insufficient to afford a fair trail.

We need not consider the merits of this argument, however, because the record discloses that this argument was never raised in Superior Court. Generally, this court will not consider constitutional issues when they have not been raised below in such a manner that the trial justice may have had an opportunity to address them. *See Lynch* v. *King,* 120 R.I. 868, 874, 391 A.2d 117, 121 (1978), and cases cited therein; *Town of Foster* v. *Lamphere,* 117 R.I. 541, 545, 368 A.2d 1238, 1240 (1977). We hasten to point out, however, that the failure to raise a constitutional issue at the administrative level does not preclude its litigation in Superior Court. *See* §42-35-15(g)(1).

The petition for certiorari is denied and dismissed, the judgment of the Superior Court is affirmed, and the papers in the case are ordered returned to the Superior Court.

722

*Smith & Smith, Incorporated, Z. Hershel Smith*, for petitioner.

*Dennis J. Roberts II*, Attorney General, *Allen P. Rubine*, Assistant Attorney General, *Perry Shatkin*, Chief Legal Officer (Taxation), for respondent.