[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case comes before this court on appeal from a decision by the Rhode Island Department of Human Services (hereinafter "DHS") denying Connie Zabchuck's (hereinafter applicant) eligibility for General Public Assistance ("GPA") Category 2 benefits. Ms. Zabchuck seeks a reversal of DHS's decision. Jurisdiction in this Superior Court is pursuant to G.L. 1956 (1988 Reenactment) § 42-35-15.
FACTS/TRAVEL
Applicant had been in receipt of Category 1 GPA benefits since July, 1986. The GPA program is a state funded program designed to provide assistance to those in need. The Rhode Island legislature recently enacted changes in the eligibility standards of the GPA program making it more difficult for applicants to qualify for benefits. G.L. 1956 (1990 Reenactment) 40-6-3.1 as amended by P.L. 1992, ch. 133 art. 46, 1. Specifically, the duration of Category 1 benefits was limited to "any six (6) months of the twelve (12) calendar months following the date eligibility is established." Id. Upon exhaustion of Category 1 benefits a person may receive Category 2 benefits upon a showing of "permanent and total incapacity." CRIR 0608.10.10. (emphasis added).
In light of the newly enacted six month durational limitation on Category 1 benefits, applicant exhausted her eligibility under this category. Consequently, Ms. Zabchuck applied for Category 2 benefits. DHS determined applicant was not eligible for such benefits.
DHS on two occasions issued applicant written notice of the legal basis of their decision denying Category 2 benefits. First, on March 8, 1993, DHS issued a GPA-56 Notice of Agency Action form. This notice indicated that applicant did not meet Category 2 eligibility as determined by the Office of Medical Review (hereinafter OMR). Under DHS regulations, OMR is responsible for the disability determination under Category 2 for applicants and recipients. CRIR 0608.10.10 This first notice also cited regulation 0608.10.10 as the legal basis of the determination.
Second, following applicant's timely request for a hearing, DHS on March 29, 1993 issued a hearing appointment notice. Attached to this notice was a copy of applicant's original request for a hearing which had been supplemented by DHS with the following statement: "Client denied Category 2 eligibility via OMR-10. Benefits continue as DHS-121 received in timely manner." The OMR-10 document indicated that applicant had the capacity for light work and was therefore not totally and permanently incapacitated. It also noted that Ms. Zabchuck "has applied for and been denied SSI many times." This evidence was uncontroverted. As Ms. Zabchuck points out in her memorandum, SSI is an abbreviation for Supplemental Security Income, a federal benefits program the eligibility standard for which is incorporated by the state GPA Category 2 program.
In accordance with the hearing appointment notice issued to applicant, a hearing was convened on Monday, April 19, 1993, six weeks following applicant's first written notice and almost three weeks following applicant's second written notice. Hearing officer Joseph Neil Jr. presided. Ms. Zabchuck and the three DHS representatives who had been involved in applicant's case testified. The three DHS representatives were as follows: Judy Hargraves, GPA Social Caseworker Providence Office; Susan O'Donnell, GPA Supervisor Providence Office; and Maureen Corkery, Office of Medical Review Central Office.
Judy Hargraves testified first. She recounted the specific forms Ms. Zabchuck submitted in application for Category 2 benefits. Upon completion, these forms were sent to OMR for review where Maureen Corkery, a registered nurse at OMR, administered the file. Ms. Corkery testified about how the Category 2 determination was made. She testified that a physician indicated that an assault in 1987 left Ms. Zabchuck with some trauma to her pancreas but this trauma was not acute pancreatis, a listed impairment under the federal SSI regulations which would qualify a person for Category 2 benefits. The initial forms submitted by Ms. Zabchuck indicated normal daily activities and a work history from Almacs. Ms. Corkery ended her testimony by stating that the evidence gathered did not meet the definition of total and permanent incapacity.
Following this testimony by the DHS representatives detailing the process which produced the determination by OMR that applicant was not permanently and totally disabled, appeals officer Neil asked applicant the following question: "Do you understand basically what they are saying is that you may be ill or sick or incapacitated but there's certain guidelines that the Social Security Administration uses and that we use in our GPA program for impairments and if it's not on that list of impairments you know it does not qualify you for GPA beyond the six month limitation?" Ms. Zabchuck responded, "Yeah I see but how will I know anything without the tests? You know if I can't go for the tests how am I ever going to know what's wrong with me." Ms. Zabchuck continued to express frustration over having no money to pay for medical bills.
On May 13, 1993 appeals officer Neil issued a ten-page typewritten administrative hearing decision in which he affirmed the determination by DHS to deny Ms. Zabchuck Category 2 benefits. In this decision Mr. Neil reviewed the testimony and based thereon enumerated specific findings of fact. Mr. Neil also included a copy of section 0608.10.10 of the DHS regulations as the legal basis of the determination.
Pursuant to the Administrative Procedures Act, Ms. Zabchuck filed a timely appeal of Mr. Neil's decision to this court. This appeal is subject to the following standard of review.
 STANDARD OF REVIEW
 42-35-15. Judicial review of contested cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing an agency decision this court must not substitute its judgment for that of the agency in regard to the credibility of witnesses or weight of the evidence. Costa v.Registry of Motor Vehicles, 543 A.2d 1307, 1209 (R.I. 1988);Carmody v. R.I. Conflict of Interest, 509 A.2d 453, 458 (R.I. 1986). Thus, the court must uphold the agency decision if it finds any legally competent evidence upon which the agency decision rests. Turner v. Department of Employment Security,479 A.2d 740, 742 (R.I. 1984). The court will reverse factual conclusions of administrative agencies only when they are "totally devoid of competent evidentiary support in the record."Milardo v. Coastal Resources Management Council, 434 A.2d 266, 272 (R.I. 1981). Of course questions of law decided by Administrative agencies are not binding on the court. Carmody
at 458. Therefore, this court "may review questions of law to determine the law and its applicability to the facts." Chenot v.Bordeleau, 561 A.2d 891, 893 (R.I. 1989).
On appeal applicant Zabchuck contends the following: DHS failed to provide Ms. Zabchuck with sufficient notice of termination thus depriving her of benefits without due process; the DHS decision is arbitrary and capricious and is clearly erroneous in view of the reliable, probative, and substantial evidence of record; DHS's decision lacks adequate findings and analysis. This court will address these issues in seriatum.
Due Process Requirements for Notice of Termination
Contrary to DHS's contention that this issue is improperly before this court since it was not raised at the administrative proceeding, this court finds support for addressing this issue inRandall v. Norberg, 403 A.2d 240 (R.I. 1979). Generally, the Supreme Court will not consider constitutional issues when they have not been raised at the trial level in such a manner that the trial justice may have had an opportunity to address them, but the failure to raise a constitutional issue at the administrative level does not preclude its litigation in Superior Court. Id.
at 244 (citations omitted).
The touchstones of procedural due process are notice and an opportunity to be heard. Our Rhode Island Supreme Court has recently addressed the issue of notice in the context of the termination of welfare benefits. Avanzo v. DHS, 625 A.2d 208
(R.I. 1993). Applicant avers that the termination notice she received failed to meet the standard as articulated in Avanzo.
This court finds applicant's reliance on this authority misplaced.
In Avanzo the court addressed the notice issue in the context of legislative changes in the severity and durational guidelines of the GPA program. These changes impacted not only one individual but approximately one-thousand persons who had been receiving GPA benefits. To notify such persons of this development DHS sent preprinted standardized statements containing no individualized reasons for the finding of ineligibility.
In finding this method of notice in violation of due process standards the court in Avanzo reasoned that because "the notices of termination sent to a member of the class did not contain individualized reasons applicable to the recipient," due process had been denied. This court finds this reasoning inapposite to the instant case on the grounds that Ms. Zabchuck was treated as an individual throughout the administrative process and Ms. Zabchuck's opportunity to be heard at the administrative hearing was meaningful.
A review of the testimony of the DHS representatives supports the finding that Ms. Zabchuck was treated as an individual throughout the evaluation process and that this process occurred in compliance with DHS regulations. Unlike the benefit recipients in Avanzo, Ms. Zabchuck was not treated en masse for the sake of administrative expediency. At no time was her application treated in conjunction with that of any other applicant or recipient. The DHS representatives exhibited intimate knowledge of Ms. Zabchuck's medical history, condition, and prognosis, and the procedures used to ascertain this medical information. This testimony also supports the conclusion Ms. Zabchuck did not meet the eligibility requirements for Category 2 benefits.
It is also important to note that procedural due process safeguards a person's meaningful opportunity to be heard. The testimony before hearing officer Neil supports the conclusion that Ms. Zabchuck did in fact understand the basis of the decision. At the hearing she testified on this point. At no time did Ms. Zabchuck challenge this basis. Rather, she expressed frustration over her inability to pay for medical bills. Although this concern may be addressed by other DHS programs available to applicant, the issue before this court is the constitutional sufficiency of the notice applicant received in this matter. This court is satisfied that Ms. Zabchuck was in fact afforded a meaningful opportunity to be heard.
The court's decision today is consonant with the purpose of the notice component of procedural due process. The purpose of the notice requirement is to eliminate the element of surprise from hearings at which a person's protected interests are at stake. In this court's opinion, there was no surprise foisted upon the applicant. On the contrary, DHS notified applicant of the basis of its decision on two occasions well in advance of the hearing and subsequent termination of benefits. Ms. Zabchuck's past involvement in the SSI program further evidences that she was not surprised by actions of DHS in this matter.
Our Supreme Court has stated that "due process is a flexible concept and the degree of protection afforded to an individual may vary with the particular situation." Barber v. Exeter-WestGreenwich School Committee, 418 A.2d 13, 20 (R.I. 1980). With this in mind this court has reviewed the entire record and finds that Ms. Zabchuck was not denied due process for want of sufficient notice in her particular situation.
For these reasons, the court finds no due process violation.A fortiori, no substantial rights of the applicant have been prejudiced by a constitutional violation. This court further finds that the decision by hearing officer Neil was not arbitrary, capricious, or clearly erroneous in view of the reliable, probative, and substantial evidence of record. Lastly, having examined the detailed written decision issued by hearing officer Neil, this court finds that the decision did not lack adequate findings and analysis. Accordingly, applicant's appeal is denied and dismissed.