[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is an appeal from a decision of the Department of Human Services. Jurisdiction in this Court is pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15.
FACTS AND TRAVEL
Plaintiff, Edward Kroll, Jr. ("plaintiff"), a recipient of General Public Assistance ("G.P.A."), received a written notice on January 22, 1993 from defendant Department of Human Services ("D.H.S.") informing him that his benefits would terminate February 1, 1993 and that he did not qualify for Category 2 benefits. (Exhibit 3). On this Notice of Agency Action form, D.H.S. stated that plaintiff's impairment was "not of a sufficient duration and severity to meet the requirements of G.P.A. — Category II." (Exhibit 3) On January 26, 1993, plaintiff requested a hearing concerning termination of his benefits. (Exhibit 1). Plaintiff continued to receive benefits during the pendency of his hearing.
Plaintiff's appeal was heard before a D.H.S. Appeals Officer on March 23, 1993. (Tr. at 1). The hearing was adjourned to allow the Office of Medical Review ("O.M.R.") an opportunity to review additional medical evidence presented by the plaintiff. (Tr. at 11). On May 3, 1993 the hearing was reconvened at which time the plaintiff asked that the hearing be held open pending the results of a psychological evaluation plaintiff was scheduled to undergo on May 11, 1993. (Tr. at 27). The Appeals Officer granted the request and proceeded to take testimony.
The plaintiff testified that he had a history of alcohol abuse and several physical ailments including arthritis in his right hand, blindness in his left eye, and pain in the knee that inhibited walking. Testimony was also taken from Susan Howells, a G.P.A. caseworker. Ms. Howells testified as to the procedure followed in applying for benefits. Finally, Maureen Corkery, of the O.M.R., testified as to the reasons for denying the plaintiff benefits. Ms. Corkery testified that "alcoholism without physical or mental dysfunctions do not qualify under our our [sic] Category 2." (Tr. at 19). She also testified that "[i]f [the plaintiff] stopped drinking, he is capable of working." (Tr. at 23). Additionally, the Appeals Officer received into evidence several records documenting plaintiff's physical disabilities and extensive history of substance abuse. Subsequently, the plaintiff failed to submit the results of a psychological evaluation as requested at the May 3, 1993 hearing. Accordingly, on May 14, 1993 the Appeals Officer closed the record for the case.
In a written decision of June 7, 1993, the Appeals Officer upheld the Department's decision to terminate benefits. The Appeals Officer found that a psychological evaluation was not necessary to support D.H.S.'s decision; that failure to have a physician review the records was not fatal; and that the plaintiff failed to establish that he was permanently and totally disabled under the G.P.A. guidelines. Plaintiff appealed to this court on June 22, 1993.
Standard of Review
Superior Court review of an agency decision is controlled by G.L. 1956 (1993 Reenactment) § 42-35-15(g) which provides:
 42-35-15. Judicial review of contested cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Accordingly, when reviewing an agency decision, the court must not substitute its judgment for that of the agency with respect to the credibility of witnesses or the weight of the evidence.Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988). The court must uphold the agency decision if it finds any legally competent evidence exists to support the decision.Barrington School Committee v. Rhode Island Labor RelationsBoard, 608 A.2d 1126, 1138 (R.I. 1992). The court may vacate the agency's decision if it is clearly erroneous in view of the reliable, probative, and substantial evidence contained in the whole record. Milardo v. Coastal Resources Management Council,434 A.2d 266, 270 (R.I. 1981). The above standard, however, does not preclude judicial review of questions of law and their application to the facts. Turner v. Dept. of Employ. Sec. Bd. ofRev., 479 A.2d 740, 742 (R.I. 1984).
General Public Assistance
The G.P.A. program is a state funded program designed to provide assistance to those in need. See G.L. 1956 (1990 Reenactment) § 40-6-3 (Supp. 1993). To be eligible for G.P.A. an individual must have a total incapacity which precludes the individual from working. See G.L. 1956 (1990 Reenactment) §40-6-3.1(a)(1) (Supp. 1993). The incapacity may be based on alcoholism or substance abuse. Id. A person who has exhausted Category 1 benefits may receive Category 2 benefits upon a showing of permanent and total disability. Department of Human Services Manual, § 0608.10.10.
While this case was pending, however, the legislature amended the provision of the G.P.A. program. The pertinent provision now contains a three month limitation on benefits regardless of the severity of the disability. G.L. 1956 (1990 Reenactment) §40-6-3.1(a)(1)(A) (Supp. 1993). For purposes of determining individual's three month benefit limitation, the computation shall begin on April 1, 1993. Id.
Mootness
D.H.S. argues that due to recent legislative changes in G.P.A, plaintiff's claim is moot. "A case is moot if it raised a justiciable controversy at the time the complaint was filed, but events occurring after the filing have deprived the litigant of an ongoing stake in the controversy." Seibert v. Clark,619 A.2d 1108, 1110 (R.I. 1993). Our Supreme Court, however, has noted that a case is not moot where "there are questions of extreme public interest which are capable of repetition but somehow evade review." Mello v. Superior Court, 117 R.I. 578, 581, 370 A.2d 1262, 1263 (1977).
This is such a case. This Court rejects D.H.S.'s argument that the legislative changes have rendered plaintiff's claim moot. The three month limitation on benefits makes it virtually impossible for this applicant to obtain an adequate review of the denial of benefits. Further, the fact that Category 2 benefits no longer exist does not render this matter incapable of repetition. The issue in this case, whether the plaintiff has a permanent and total disability due to his substance abuse and physical ailments, will be confronted periodically when plaintiff applies for benefits. The showing of a total incapacity is not so different from a showing of a permanent and total disability so as to render this case moot. The plaintiff has an ongoing and substantial stake in the outcome of this controversy. Accordingly, this Court finds that plaintiff's claim is not moot.
Notice
Next, plaintiff claims that D.H.S. failed to provide him with adequate notice of the termination of his benefits in violation of his due process rights. Initially, this Court rejects D.H.S.'s assertion that plaintiff's constitutional claim is not properly before this Court because it was not raised at the administrative hearing. Failure to raise a constitutional issue at the administrative level does not preclude its litigation in Superior Court. Randall v. Norberg, 121 R.I. 714, 403 A.2d 240, 244 (1979).
Plaintiff's due process claim is without merit and his reliance on Avanzo v. D.H.S. in support of said claim is misplaced. 625 A.2d 208 (R.I. 1993). Avanzo involved preprinted standardized statements sent to approximately one thousand persons as a result of legislative changes in the G.P.A. program.Id. at 210. The statements contained no individualized reasons for ineligibility. Id. Plaintiff's notice, in contrast, contained individualized information adequate to provide him with notice and a meaningful opportunity to be heard. (Exhibit 3).
The Agency Decision
The plaintiff further contends that the agency decision was made upon unlawful procedure. More specifically, plaintiff contends that the Appeals Officer wrongfully admitted and relied upon the outside statements of Jack Rainone, a counselor in the Office of Substance Abuse, as testified to by Maureen Corkery. After a review of the record, this court is satisfied that the Appeals Officer did not err in admitting such testimony. Section42-35-10(a) of the General Laws provides that while irrelevant, immaterial, or unduly repetitious evidence must be excluded, an administrative officer may look at evidence not normally admissible under the Rules of Evidence "if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs." Maureen Corkery's testimony concerned statements made by Jack Rainone, a counselor who had previous contacts with the plaintiff. A review of the record reveals that such testimony was not irrelevant, immaterial, or repetitious. Accordingly, the Appeals Officer did not abuse his discretion in allowing such testimony.
Finally, the plaintiff argues that the agency decision is not supported by the substantial evidence in the record and should accordingly be reversed. In particular, plaintiff argues that there is no competent evidence in the record rebutting plaintiff's showing of a lack of ability to control alcohol intake. Additionally, plaintiff contends that the failure of D.H.S. to review a psychological evaluation warrants reversal in this case.
To be eligible for Category 2 benefits an individual must show he or she has a "medically determinable physical or mental impairment listed in 20 C.F.R. 404, Subpart P. Appendix 1." Department of Human Services Manual, § 0608.10.10. Disability by reason of alcoholism may be shown under § 12.09 entitled Substance Abuse Disorders. If plaintiff's alcoholism results in conditions that meet or exceed any of the enumerated disorders plaintiff has established a disability. Arroyo v. Sec. of Healthand Human Services, 932 F.2d 82, 87 (1st Cir. 1991).
A review of the entire record demonstrates that the Appeals Officer had before him competent evidence upon which to conclude that plaintiff had not established that he suffered from a total incapacity. In particular, the Appeals Officer had before him the results of a residual functional capacity evaluation showing that plaintiff could perform sedentary to light unskilled work. (Exhibit 5). There is testimonial and documentary evidence submitted by O.M.R. to support the Appeals Officer's conclusion that plaintiff's conditions do not meet or exceed those listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. at 22). Additionally, there is sufficient evidence in the record to support the Appeals Officer's finding that the results of a psychological evaluation were not necessary for a determination of incapacity in this case. Particularly compelling in the record are the evaluations submitted by three doctors who had examined the plaintiff and found him to have no mental or emotional limitations. (Exhibits 6-8).
For the foregoing reasons, this Court finds, after a review of the whole record, that the decision of the Agency was based on the substantial evidence before it. The Court further finds that the Agency's decision is not clearly erroneous in view of the reliable, probative, substantial evidence contained in the record, it is not arbitrary or capricious, and it is not characterized by any abuse of the Agency's discretion. Accordingly, the decision of the Agency is affirmed.
Counsel shall prepare and submit an appropriate order for entry.