[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the former Rhode Island Conflict of Interest Commission. Jurisdiction in this court is pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15.
Facts and Travel
The record reveals the following facts. Appellant, Richard E. Stromberg ("appellant"), served as a member of the State Board of Examiners for Electricians ("Board") from 1974-1984.[1]
Appellant served as chairperson for the last five years of his tenure on the Board. As a member of the Board, appellant's duties included investigating complaints against electricians, conducting licensing examinations, and granting licenses to qualified applicants. During his term on the Board, appellant was employed as business manager for the International Brotherhood of Electrical Workers, Local #99 ("IBEW"). Appellant's employment with the union involved recruitment of union members, job recruitment for members, and activities such as informational picketing.
On August 6, 1984, the Conflict of Interest Commission for the State of Rhode Island ("Commission") received a complaint against the appellant alleging a violation of the conflict of interest laws. The complaint was filed by Thomas Della Iacono ("complainant"), a non-union electrician and owner of T.D. Electric. The complaint arises out of appellant's conduct in the Spring of 1984.
In April of 1984, the IBEW engaged in lawful picketing of a construction site at the Comfort Inn in Warwick. The appellant, as business manager for the IBEW, participated in informational picketing at the site to protest the use of complainant's non-union employees on the project. Appellant's appearance at picket sites was a regular part of his duties as business manager for the IBEW.
In March of 1984, the complainant had gone to the Board seeking to change the name of his business. From the record, it appears that due to some confusion concerning the business' status as a sole proprietorship or a corporation, complainant's application for a name change was incomplete. The Board notified complainant and requested his appearance before the Board on June 1, 1984. (Exhibit 1). On June 1, 1984, the complainant appeared at the Board's office but would not attend the hearing until his attorney arrived. As a result, the Board continued the hearing until June 15, 1984. (Exhibit 7).
By a letter dated June 4, 1984, the Board directed the electrical inspector for the City of Warwick, also a Board member, to cease issuing permits to complainant's business until further notice because it was not licensed. (Exhibit 5). Complainant alleges that this letter was sent to harass him due to his use of non-union labor. Further, complainant alleges that appellant harassed and intimidated one of complainant's employees near the Comfort Inn work site. Paul Vieira testified that appellant interrogated him concerning his employment and union membership. (Tr. Dec. 12, 1985 at 110-112). Complainant alleges that appellant abused his authority as a member of the Board in committing these acts.
The Commission investigated the allegations in the complaint and issued a finding of probable cause on September 25, 1985. (Decision and Order of the Conflict of Interest Commission). A hearing was scheduled for October 25, 1985. On October 24, 1985 the Executive Director of the Commission called the appellant's attorney and indicated that the hearing would be continued to another date due to an anticipated hospitalization of one of the Commission members. The parties dispute whether this continuance was by the mutual agreement of the parties. (Affidavits of Richard A. Skolnik and Rae Condon). The matter was heard before the Commission on June 21, 1985, October 16, 1985, December 12, 1985, February 27, 1986, and May 8, 1986.
On July 31, 1986, the Commission rendered a decision finding the appellant guilty of three violations of the conflict of interest law. In particular, the Commission found that the appellant knowingly and willingly violated G.L. 1956 (1984 Reenactment) § 36-14-4(a)-(b) by participating in the informational picketing at the Comfort Inn site; knowingly and willfully violated G.L. 1956 (1984 Reenactment) § 36-14-4 (d) by participating in the issuance of letters to the complainant and knowingly and willfully violated G.L. 1956 (1984 Reenactment) §36-14-4(a) and (d) by pursuing and threatening complainant's employee. (See Decision and Order of the Conflict of InterestCommission). As a result of these findings, the Commission fined the appellant $5000, $10,000, and $10,000, respectively, for such violations.
Appellant appealed to this court by a complaint filed August 12, 1986. On April 26, 1988 the Rhode Island Ethics Commission was substituted as a party for the Conflict of Interest Commission pursuant to R.C.P. 25(c). On February 15, 1994, this court, pursuant to R.C.P. 41(B)(1) ordered the parties to appear and show cause why this action should not be dismissed.
Appellant asserts several errors committed by the Commission in support of its argument that the Commission's decision must be reversed. In contrast, the Commission argues that its decision is lawful, based upon competent evidence in the record, and must, therefore, be affirmed. This court will review the issues as submitted by the parties.
Standard of Review
Superior Court review of an agency decision is controlled by G.L. 1956 (1993 Reenactment) § 42-35-15(g) which provides:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, interferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other error or law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Accordingly, when reviewing an agency decision, the court must not substitute its judgment for that of the agency with respect to the credibility of witnesses or the weight of the evidence. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988). The court must uphold the agency decision if it finds any legally competent evidence exists to support the decision. Barrington School Committee v. Rhode Island LaborRelations Board, 608 A.2d 1126, 1138 (R.I. 1992). The court may vacate the agency's decision if it is clearly erroneous in view of the reliable, probative, and substantial evidence contained in the whole record. Milardo v. Coastal Resources ManagementCouncil, 434 A.2d 266, 270 (R.I. 1981). The above standard, however, does not preclude judicial review of questions of law and their application to the facts. Turner v. Dept. of Employ.Sec. Bd. of Rev., 479 A.2d 740, 742 (R.I. 1984).
Conflict of Interest Statute
In G.L. 1956 (1984 Reenactment) § 36-14-7, the General Assembly established a Conflict of Interest Commission to implement the conflict of interest laws. All elected and appointed state and municipal officials are subject to the conflict of interest statute. G.L. 1956 (1984 Reenactment) §36-14-2. Section 36-14-4 of the General Laws, provides in pertinent part:
 36-14-4. Prohibited activities. — (a) No elected or appointed state or municipal official shall, while serving as such, have any interest, financial or otherwise, direct or indirect, or engage in any business, employment transaction or professional activity, or incur any obligation of any nature, which is in substantial conflict with the proper discharge of his duties or employment in the public interest and of his responsibilities as prescribed in the laws of this state, as defined in § 36-14-6.
 (b) No such person shall accept other employment which will either impair his independence of judgment as to his official duties or employment or require him, or induce him, to disclose confidential information acquired by him in the course of and by reason of his official duties.
 * * *
 (d) No person enumerated in § 36-14-2 shall use in any way his public office or confidential information received through his holding any public office to obtain financial gain other than that provided by law, for himself or spouse (if not estranged) or any dependent child or business associate or any business by which said person is employed or which said person represents.
A conflict with discharge of duties occurs when a person "has reason to believe or expect that he . . . or any business by which said person is employed or which said person represents will have a direct monetary gain or suffer a direct monetary loss . . . by reason of his official activity." G.L. 1956 (1984 Reenactment) § 36-14-6.
The conflict of interest statute provides the Commission with authority to investigate and conduct hearings upon complaints of misconduct. Section 36-14-10 provides, in pertinent part:
 If the commission finds that probable cause exists to support the allegations of the complaint, its findings shall state in detail such violations complained of and the manner in which they occurred, and shall fix a time for hearing on the matter which hearing shall be held not more than thirty (30) days after the issuance of the finding.
The regulations promulgated by the Commission provide a similar deadline for hearing to be held. 22 C.R.I.R. 94-025-003 at 5. Further, Regulation 1029 provides that, except in emergencies, continuances shall be in writing and be received by the Commission within two days of the scheduled proceeding. 22 C.R.I.R. 94-025-003 at 6.
30 Day Time Limit
Initially, the appellant argues that the Commission's failure to conduct a hearing within thirty days of its finding of probable cause warrants reversal. In contrast, the Commission contends that such time limit is merely directory and failure to abide by it is not fatal to its decision. The parties make much of the 1986 decision, DeGregorio v. D'Amico, in which a justice of this court reversed the Commission's decision for failure to hold a hearing within thirty days of its finding of probable cause. DeGregorio v. D'Amico, C.A. 85-0194, September 3, 1986, Bourcier, J. While the reasoning in DeGregorio is compelling, its holding is inapposite in the case at bar. First, this court must note that it is not bound by the prior decisions of justices of this court. Forte Bros. v. D.O.T., 541 A.2d 1194, 1196 (R.I. 1988).
Further, and more importantly, the cases may be distinguished on their facts. In DeGregorio, the appellant objected on the record before the Commission, to its failure to hear the action within the thirty day time limit. Id. at 8. In the case at bar, appellant failed to raise this contention before the Commission and may not now be heard to argue it on appeal. This court's jurisdiction on appeal is limited to the certified record.Barrington School Committee, supra, at 1138.
Appellant had ample opportunity to object on the record or by motion to dismiss the complaint before the Commission. Appellant may not sit on his rights and then raise issues for the first time on appeal.
Next, appellant argues that the varying composition of the Commission during his hearing deprived him of the right to due process in violation of the Fourteenth Amendment of the United States Constitution. This court is mindful that failure to raise a constitutional issue at the administrative level does not preclude its litigation in this court. Randall v. Norberg,121 R.I. 714, 721, 403 A.2d 240, 244 (1979). Although appellant's argument is properly before this court, it must fail on its merits. Our Supreme Court has noted that procedural fairness exists when a quorum reaches its decision after having access to the evidence. In Re Rhode Island Commission for Human Rights,472 A.2d 1211, 1214 (R.I. 1984). The Commission is presumed to have properly considered the evidence despite the failure of individual commissioners to observe each witness testify. Id.
This court will not overturn the decision of the Commission on this basis.
Similarly, appellant's contention that the Ethics Commission lacks authority to prosecute this appeal is without merit. The Ethics Commission was properly substituted as a party in 1988 pursuant to R.C.P. 25(c). This court finds such substitution proper under P.L. 1987, ch. 195 § 6 and will not disturb it on appeal.
The Decision of the Commission
Next, appellant attacks the Commission's decision as based on an abuse of discretion. Particularly, appellant contends that lawful informational picketing, an activity protected under29 U.S.C. § 158(b)(7)(c), may not be the basis of a conflict of interest violation. This court rejects appellant's contention. The Commission found that appellant's participation in the picket line impaired his independent judgment as a Board member. It is this impairment that is the basis of the violation. There is ample evidence in the record to support the Commission's finding, particularly in the testimony of Laurence Gould, a partner in the company which developed the Comfort Inn. (Tr. Feb. 27, 1986 at 24). Consequently, this court finds no reason to disturb the Commission's finding.
Finally, appellant argues that the civil penalty imposed by the Commission was arbitrary and unreasonable. At the time of the hearing, the Commission was authorized by § 36-14-13(a)(3) to assess civil penalties of not more than $10,000 for each violation. This court is mindful that its jurisdiction is limited under § 42-35-15(g) and it, therefore, may not substitute its judgment for that of the Commission. This is true even in those situations where after review of the record the court may be inclined to view the evidence differently than did the Commission. The Commission's assessment was within its authority and this court fails to find that such assessment was arbitrary and unreasonable based on the facts in the record.
Conclusion
A review of the entire record demonstrates that the Commission had before it competent evidence upon which to conclude that the appellant had committed three violations of the conflict of interest law. In particular, the Commission had before it the testimony of Laurence Gould and Paul Vieira, who both testified to the hostility the appellant exhibited towards complainant's use of non-union employees. Additionally, there is sufficient evidence in the record to support the Commission's finding that appellant's participation in the picket line impaired his judgment in acting on complainant's application for a name change. Particularly compelling in the record is complainant's testimony concerning his confrontation with the appellant at the Board's office on June 1, 1984 (Tr. Dec. 12, 1985 at 29).
For the foregoing reasons, this court finds, after a review of the whole record, that the decision of the Commission was based on the substantial evidence before it. The court further finds that the Commission's decision is not clearly erroneous in view of the reliable, probative, substantial evidence contained in the record, it is not arbitrary or capricious, and it is not characterized by any abuse of the Commission's discretion. Accordingly, the decision of the Commission is affirmed.
Counsel shall prepare and submit an appropriate order for entry.
[1] The parties do not dispute that appellant's position was an appointed state officer subject to the Conflict of Interest statute.